# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **LESLIE JACKSON,** | : | |
| **Petitioner** | : | **Civil Action No. 05-2085 (RJL)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN FRED FIGUEROA,** | : | |
| **Respondent** | : | |

## UNITED STATES PAROLE COMMISSION'S OPPOSITION TO PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its opposition to the petitioner's pro se petition for a writ of habeas corpus. In support of his petition, the petitioner claims that (1) the Commission lacked the authority to arrest him on a parole violation warrant four years after his full-term date (as calculated at the time of his release on parole); (2)  that his sentence has fully expired because he has served 9 years, and (3) that the Commission lacked authority to order him to serve 16 months for violating his parole, based on the guideline range of 12-16 months, where he allegedly "beat" two and one-half of the three parole violation charges. Because the parole warrant was issued well before the expiration of his full term date, because he has not completed service of his sentence due to his time spent on parole being forfeited upon revocation, and because the Commission's decision regarding his specific term within the guideline range for a parole violation is not reviewable, his petition for a writ of habeas corpus should be summarily denied.

## PROCEDURAL HISTORY

The petitioner, Leslie Jackson, was sentenced on September 23, 1987 in District of Columbia Superior Court Case No. F6072-87 to a term of imprisonment of 30 to 90 months for attempted distribution of heroin. See Exhibit 1 (Department of Corrections Face Sheet).  On September 24, 1987, the petitioner was sentenced in District of Columbia Superior Court Case No. F9146-85 to a term of imprisonment of 40 to 120 months for distribution of heroin. Id.  The petitioner was paroled by the District of Columbia Board of Parole ("the Board") on June 19, 1989 to the custody of a detainer from the Commonwealth of Virginia, and was to remain under parole supervision until October 27, 1996, his full term date. See Exhibit 2 (Board of Parole Order) and Exhibit 3 (Board of Parole Order).

On November 8, 1990, the Board issued a parole violation warrant for non-criminal violations to be placed as a detainer. See Exhibit 3 and Exhibit 4 (Warrant). On April 9, 1992, the Board amended its detainer warrant to add allegations of criminal violations of parole. See Exhibit 5 (Notice of Board Order).

The petitioner was convicted in Virginia of grand larceny and possession of cocaine in 1992 and of distribution of heroin and possession with intent to distribute heroin in 1995, and sentenced to various terms of incarceration, some of which were suspended. See Exhibit 6 (Probable Cause Worksheet) and Exhibit 7 (Supplement to Warrant Application). Virginia released the petitioner without executing the Board's parole violator warrant. See Exhibit 6. The parole violator warrant executed on December 22, 2000 when the petitioner was arrested for soliciting prostitution. Id.

On January 11, 2001, the U.S. Parole Commission ("the Commission") supplemented the

D.C. Board of Parole's warrant with an additional charge of "Law Violation– a) Possession with Intent to Distribute Heroin, b) Distribution of Heroin." See Exhibit 7.[1] By letter dated January 23, 2001, the Commission informed the petitioner that it had found probable cause to believe that he had violated the conditions of parole on the four violations of the law. See Exhibit 8 (Probable Cause Letter).

The Commission conducted a parole revocation hearing for the petitioner on April 17, 2001. See Exhibit 9 (Revocation Hearing Summary). By Notice of Action dated July 20, 2001, the Commission revoked the petitioner's parole, ordered that the petitioner receive no credit for his time spent on parole ("street time"), and that he be reparoled on December 13, 2001. See Exhibit 10 (Notice of Action).

The petitioner was reparoled on December 13, 2001 and was to remain under parole supervision until April 30, 2008, his re-calculated full term date. See Exhibit 11 (Certificate of Parole).

On November 10, 2004, the Commission issued a parole violator warrant charging the petitioner with use of dangerous and habit forming drugs on numerous occasions, failure to submit to drug testing on multiple occasions, and a law violation concerning a charge of theft. See Exhibit 12 (Warrant Application). The petitioner was arrested on the warrant on June 20, 2005, and received a parole revocation hearing on August 24, 2005. See Exhibit 13 at p. 1 (Hearing Summary). Subsequent to revocation hearing, the Commission, by Notice of Action dated September 23, 2005, ordered that the petitioner's parole be revoked, that he receive no

---

[1]The U.S. Parole Commission assumed responsibility for the petitioner's case pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code §24-131.

credit for time spent on parole, and that he be reparoled on October 19, 2006, after service of 16 months. See Exhibit 14 (Notice of Action.) The Notice of Action also informed the petitioner that he could appeal these decisions to the Commission. Id. at p. 2. The petitioner did not appeal the decision.

The petitioner is currently serving his sentence with a re-calculated full term date of October 4, 2011, and a presumptive re-parole date of October 19, 2006. See Exhibit 15 at p. 5 (Bureau of Prisons Sentence Monitoring Computation Data).

## ARGUMENT

The petitioner's claim that the Commission lacked authority to arrest him on the D.C. Board of Parole's warrant, which was issued on November 8, 1990 but not executed until December 22, 2000, after his nominal full-term date of October 27, 1996, is without merit.[2]  It is well settled that the U.S. Parole Commission retains jurisdiction to revoke a parolee's parole after the expiration of his maximum term if its parole warrant was issued **prior to** the expiration. The issuance of the warrant tolls the running of the sentence.  See Owens v. Gaines, 219 F.Supp.2d 94, 101 (D.D.C. 2002) (if valid warrant is issued before the expiration of the sentence, it "tolls" the

---

[2]Since the filing of the petitioner's habeas petition, the petitioner has been transferred to FCI Schuylkill in Minersville, Pennsylvania, where the warden is Ronnie Holt. At the time that the petitioner filed his petition, however, he was an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden Fred Figueroa. Warden Figueroa is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 124 S.Ct. 2711, 2720 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir.)(same), cert. denied, 125 S.Ct. 448 (2004). Nonetheless, the Court should strike the respondent named in the caption of the petitioner's writ, and substitute Warden Holt as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

expiration of the sentence for the purpose of conducting a revocation hearing); Woodmansee v. Eastern Regional Parole Commission, 1997 WL 62965, *2 (2nd Cir. February 12, 1997) (Parole Commission retained jurisdiction because violator warrant was issued before expiration of full term sentence); Russie v. U.S. Department of Justice, 708 F.2d 1445, 1448 (9th Cir. 1983) ("such a warrant bars the expiration of a parolee's sentence and maintains the Commission's jurisdiction to retake the parolee even if the retaking occurs after the scheduled expiration date of the parolee's sentence."); Martin v. Luther, 689 F.2d 109, 113-17 (7th Cir. 1982) (Parole Commission retains jurisdiction if parole violator warrant issued prior to expiration of full term sentence); Gordon v. U.S. Parole Commission, 841 F.Supp. 176, 178 (E.D. Va. 1994) (if Commission issues a valid parole warrant prior to expiration of sentence, warrant bars the expiration of sentence and Commission retains jurisdiction);  28 C.F.R. § 2.98(e).[3]  In the petitioner's case, the D.C. Board of Parole issued its parole warrant in 1990, well before his full-term date in 1996. This warrant remained valid, and could be executed after the full-term date. Likewise, the issuance of the second parole violator warrant by the Commission on November 10, 2004, which was executed on June 20, 2005, was well before his then calculated full term date of April 30, 2008. Thus, the Commission had jurisdiction over the petitioner when it revoked his parole on July 20, 2001 and again on September 23, 2005.

The petitioner's claim that he has served his full sentence is without merit. The petitioner

---

[3]28 C.F.R. § 2.98(e) states:
> The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence. Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to D.C. Code 24-406(a).

fails to take into account the fact that the time he spent on parole ("street time") was forfeited each time his parole was revoked. The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n. v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. October 2, 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked); McQueen v. U.S. Parole Comm'n., 2005 WL 913151, *2 (D.D.C. April 19, 2005) (same); Simmons v. U. S. Parole Comm'n., 2005 WL 758268, *2 (D.D.C. April 1, 2005) (same); McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same). Thus, the U.S. Parole Commission correctly forfeited all of the time the petitioner spent on parole supervision ("street time") upon his revocations of his parole, resulting in his current re-calculation of full term date of October 4, 2011. See Exhibit 10, Exhibit 11, and Exhibit 15.[4]

The petitioner's claim that the Commission lacks the authority to order him to serve 16 months, given the guideline range of 12 to 16 months, for his parole violations is also without

---

[4]When the petitioner was paroled on December 13, 2001, he still owed 2687 days on his sentence. See Exhibit 15 at p. 12. As of January 10, 2006, after his latest revocation, the petitioner owed 2298 days on his sentence. Id. at p. 3. The loss of his street time was explained to the petitioner and his counsel at his revocation hearing. See Exhibit 13 at p. 2.

merit. First, the petitioner is incorrect to the extent he claims that he "beat" two and one-half of the three charges. To the contrary, the Commission made findings on two of the three charges, and did not make findings on the third because of the unavailability of a witness. See Exhibit 13 and Exhibit 14. Thus, there is no factual basis in the record for his allegation that he "beat" two and one-half of the three charges.

Second, absent a constitutional challenge, the Commission's discretionary decision regarding where within a guideline range of 12-16 months to place petitioner is not reviewable. See Wajda v. U.S. Parole Commission, 64 F.3d 385, 388 (8th Cir. 1995) ("the number of months within the parole guideline range that an individual must serve is a matter of discretion which lies solely with the Parole Commission and is unreviewable by a federal court"); Marshall v. Lansing, 839 F.2d 933, 949-50 (3d Cir. 1988) (decision of where within guideline range under federal parole statute to place individual is one of "pure administrative discretion", and not reviewable absent a constitutional challenge); Wallace v. Christensen, 802 F.2d 1539, 1550-03 (9th Cir. 1986) (decision within the parole guidelines involves matter of discretion reserved for Commission); see also Stevens v. Quick, 678 A.2d 28, 31 (D.C. 1996) (Court does not review the merits of decision by U.S. Parole Commission, under District's parole regulations); Smith v. Quick, 680 A.2d 396, 398 (D.C.1996) ("We do not review the merits of the Board's decision in denying parole, and are limited to a review of the procedures used by the Board in reaching its decision."); Brown-Bey v. Hyman, 649 A.2d 8, 9 (D.C.1994) (length of set-off to rehearing is "merits" decision, and is not judicially reviewable); Bennett v. Ridley, 633 A.2d 824, 826 (D.C. 1993) ("On a petition for a writ of habeas corpus, this court does not review the merits of the [D.C. Parole] Board's decision [to revoke parole], but only whether the petitioner has been deprived of his legal rights by the manner

in which the revocation hearing was conducted, in order to determine whether there has been an abuse of discretion."). Accordingly, the petitioner is not entitled to relief because the Commission in its discretion ordered that he serve 16 months rather than 12 months on a guideline range of 12-16 months.

Lastly, the petition should be dismissed for failure to exhaust administrative remedies. It is well established that a person seeking judicial review of agency action (including parole decisions) must first have exhausted available appeals within the agency unless the administrative procedures are unavailable or are incompetent to provide adequate redress. See, e.g., McKart v. United States, 395 U.S. 185, 193-95 (1969); Stevens v. Quick, 678 A.2d 28, 32 (D.C. 1996); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); Martin v. Catalanotto, 895 F.2d 1040, 1043 (5th Cir. 1990); Gonzalez v. Perrill, 919 F.2d 1, 1-2 (2nd Cir. 1990); Fendler v. U.S. Parole Commission, 774 F.2d 975, 979 (9th Cir. 1985).

If a person still has administrative remedies available to him, a judicial review proceeding should be dismissed without prejudice to refiling after exhaustion. However, if a person, such as the petitioner, has allowed his time for administrative appeal to expire without filing such an appeal, the Court should dismiss the petition with prejudice as a procedural default. See Merki v. Sullivan, 853 F.2d 599, 600-01 (8th Cir. 1988 ); Anderson v. Miller, 772 F.2d 375, 378 (7th Cir. 1985), cert. denied, 475 U.S. 1021 (1986). A procedural default may be excused only if the petitioner can establish cause for and prejudice from his default. See Anderson v. Miller, supra, 772 F.2d at 378.

The petitioner had an administrative remedy available to him, namely an appeal to the Commission under 28 C.F.R. § 2.105(g). The petitioner had 30 days after the last Notice of Action

on September 23, 2005 in which to submit an administrative appeal. See 28 C.F.R. § 2.26(a)(2).

The petitioner did not do so and has provided no excuse for his procedural default. Thus, the

petitioner's failure to exhaust his administrative remedy provides another basis for denying his

habeas petition.

## **CONCLUSION**

Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas corpus

should be summarily denied.

A proposed order is attached.

<div style="margin-left: 50%;">

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058


_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078


_____
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

</div>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Opposition has been electronically filed with the Court and has been served by mail upon the petitioner, Leslie Jackson, Fed. Reg. No. 23924-016, FCI Schuylkill, Federal Correctional Institution, P.O. Box 759, Minersville, PA 17954, this 27th day of January, 2006.

_____
Sherri L. Berthrong
Assistant United States Attorney