# EXHIBIT 9

# REVOCATION HEARING SUMMARY

**Name** . . . . . . . . . : JACKSON, Leslie

**Reg** . . . . . . . . . . : 00212+629

**Examiner** . . . . . . . : Rob Haworth

**Warrant Executed** : 12/22/2000

**Preliminary Interview:** none

**Institution** . . . . . . : DC Jail

**2nd Designation** . :

**Revoking District** : District of Columbia

**Hearing Type** . . . . : Institutional

**Supervision** . . . . . : parole

**Artuso** . . . . . . . . : NO

**Artuso Years Remaining:**

**Months in Custody** : 61

**Custody Type** . . . : Both federal and state

**Projected MR Date** : 11/29/2005

**Full Term Date** . . : 4/30/2008

**Hearing Date** . . . . : 4/17/2001

---

This prisoner's time in custody for guideline purposes is a little complicated. He was arrested 5/24/91 on the Grand Larceny offense and was released 5 days later on Bond. He was sentenced 2/7/92 on that offense and remained in custody from that date until 12/14/94. That represents 34 months.

The subject was arrested on the heroin offense 7/17/95 and remained in jail until 12/15/95, 5 months. He was taken from jail into court and was sentenced to participate in an In-patient Drug Program that lasted almost 2 years. He was transferred to that program and was not released until he completed it 10/28/97. That total period of time represents an additional 27 months. Total time in custody for guideline purposes is 61 months. Total time in custody since the warrant was executed is 4 months as of 4/21/2001. That makes the total time for guideline purposes 65 months.

## I. Counsel And Witnesses:

Attorney Edwin Brown
6269 Franconia Road
Alexandria, VA 22310

## Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:

Parole Officer Mazen.

Allen Ednes Jr., subject's step-son.

Deacon Michael Thermon, First Baptist Church of Merrifield, VA.

## II. Procedural Considerations:

Attorney Brown pointed out that the warrant in this case was issued in 1990. The subject served his state time and was released because there were no detainers filed with the State of Virginia. The subject was given every reason to believe his obligation on the DC sentence had been completed. Also, Attorney Brown pointed out that subject has been in jail for almost 4 months on the parole violator warrant. That is almost double the amount of time allowed and it is a violation of the prisoner's rights to create such a delay. Attorney Brown acknowledged that the delay has not created any significant problems related to defending this subject on these charges but he did state it has created a considerable amount of anxiety on subject's part and undo financial hardship.

## III. Instant Warrant Information:

The warrant was issued 11/8/90 and executed 12/22/90.

## IV. Review of Charges:

Charge No. 4 - Grand Larceny.

The subject was arrested 5/24/91 and was charged with this offense. He was sentence 2/7/92 to serve 6 years in the Virginia Department of Corrections.

Subject admitted to this violation. He stated that he was using an automobile that he had not been authorized to drive.

A finding of guilt should be made on this charge.

Charge No. 5 - Possession of Cocaine.

The subject was arrested 5/21/94 for possession of a small quantity of cocaine. On 2/7/92 he was sentenced to 6 years in the Virginia Department of Corrections, sentence suspended with probation for 6 years.

The subject admitted to this violation.

A finding of guilt should be made on this charge.

Charge No. 6 - Distribution of Heroin.

The subject participated in small scale heroin sales with an undercover agent in May of 1995. On 9/29/95, he was sentenced to 2½ years in the Virginia Department of Corrections and 5 years probation.

The subject admitted to this violation. He acknowledged a long standing drug problem. A finding of guilt should be made on this charge.

The prisoner's general statement: The subject explained how drugs controlled much of his life up



to the mid 1990s. Following the convictions outlined above and the charges, subject began to straighten his life out. He participated in a court ordered Drug Treatment Program from 1995 to 1997. After he graduated from that program he returned to the court room and the sentencing judge reduced the 5 years probation to 1 year. He was on probation and parole simultaneously for 1 year and everything was completed in 1998. Since participation in that program, subject has not been involved in drug use and has not been involved in any criminal activity. He has maintained regular employment and stable residence. He is married with children. Parole Officer Mazen attended the hearing and verified that the State of Virginia has reported subject's clear record and good performance in the community since his release from the Virginia sentences in 1997.

## V. Findings of Fact And Basis:

The Examiner finds that subject has committed the following violation(s): Charge No. 4 - Grand Larceny.

Basis: Your conviction in the State of Virginia on 2/7/92 and your admission.

Charge No. 5 - Possession of Cocaine.

Basis: Your conviction 2/7/92 in the State of Virginia and your admission.

Charge No. 6 - Distribution of Heroin.

Basis: Your conviction 9/29/95 in the State of Virginia and your admission.

## No Findings And Supporting Rational:

None.

## VI. Previous Commission Action:

See Prehearing Review dated 3/6/2001. The subject was paroled in 1989 to a Virginia detainer for parole violation. Virginia revoked parole based on the DC offenses and released subject approximately 4 months later. The violations described above began very soon after that because of subject's drug use.

## VII. Fines, Restitution, Other court Ordered Payments:

None.

## VIII. Parole Risk:

This prisoner does not have a history of violence.

## IX. Community Resources And Issues:

The subject is married, has a family and is purchasing a home in Arlington, VA. He has been



employed by Sears & Roebuck as a project coordinator and he works out of the Lorton, VA office. He was paid $51,000 a year by Sears.

When released from prison the subject will return to the home of his wife. He was very active in his church and he hopes to return to his employment at Sears. Sears has indicated that they will rehire him.

## X. Salient Factor Score:

    0   - A. Prior Convictions/Adjudications (Adult or Juvenile)
    0   - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
    1   - C. Age at Current Offense/Prior Commitments
            **!!! Error with Bgn Delimiter !!!** (5 or more commitments)
    0   - D. Recent Commitment Free Period (Three Years)
    0   - E. Probation/Parole/Confinement/Escape Status Violator
    0   - F. Older Offenders
    1   - **Total Salient Factor Score**

SFS Information Summary: See the Prehearing Review for details of the score.

## XI. Evaluation:

~~It appears as though little thought was given concerning the need to execute this warrant. It is~~ likely this matter could have been resolved without taking this subject into custody. This prisoner has a long history of drug use and related crimes but apparently was given a court order to participate in a drug program for 2 years, 1995 to 1997 which proved to be highly successful. Since his release from that program in 1997 the prisoner has not experienced problems in the community. When he was released from the State of Virginia custody, Attorney Brown testified during the hearing that he was told by State Authorities that there were no detainer against him. The subject previously had a short term release date in 1993 and a full term release date in 1996 on all of these DC sentences. He had every reason to believe that the terms had been satisfied and he had no information about an outstanding warrant. In fact, the State of Virginia had no detainer from the DC Parole Board at the time this subject completed these sentences.

A Deacon from subject's church attended the hearing and testified that subject is a good family man and a hard worker. Deacon Michael Thermon stated that subject has been very active in the congregation as well as other members of his family. The subject and his family are highly thought of by the congregation. People who know him believe that he is a completely changed individual from the individual addicted to drugs prior to 1995.

The subject's step-son Alan Ednes attended the hearing. Alan made a statement on his step-father's behalf describing him as a good father, a hard worker and a good provider for the family. Alan Ednes stated that he had previously had considerable difficulties with his own father and that subject has taken over providing a place to live, assistance with a job and all other help that he has needed. He believes his step-father should be in the community and not in jail.

There is no question as to whether this prisoner violated parole. He served prison time in Virginia on these violations. Based on the testimony provided by Parole Officer Mazen and documents in the file it appears as though no detainer was filed with the State of Virginia and the subject was





released in 1997 after he completed the court ordered Drug Program. He was even on probation and parole in the State of Virginia until almost the end of 1998 with no indication of a detainer from the DC Parole Board.

This prisoner has documented employment earning $51,000 a year at Sears & Roebuck Company. Members of his family attended the hearing and testified that the family is purchasing a home in Arlington, VA. That home would have been lost because of subject's arrest on the parole violator warrant in December of 2000 if it had not been for assistance provided by others. The subject was arrested 12/22/2000 as he was preparing to leave for work.

It appears to this examiner that the prisoner has served a sufficient amount of time in prison for the violation behavior. A prudent procedural move at this time would be to withdraw the warrant and close the case. However, that is unlikely to happen so it is being recommended that parole be revoked and that a new parole date be granted as soon as feasible.

## XII. Recommendation:

Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 67 months on 6/15/2001. You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

## XIII. Reasons:

Your parole violation behavior has been rated as Category Four severity because it involved criminal violations, specifically: The distribution of less than 5 grams of 100 percent pure heroin. Your new salient factor score is 1. As of 4/17/2001, you have been in Both federal and state custody for 61 months. Guidelines established by the Commission indicate a customary range of 34-44 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted. You, however, will serve above the guidelines because of your time in custody before the hearing and time is needed for case processing and release planning.

Subsequent statutory interim not required.

This case should be expedited. The circumstances described in this report justifies that. This prisoner has made a dramatic change in lifestyle and community/family success. Incarceration at this time is highly detrimental to that success.

6/22/01

*[handwritten notes]*

JACKSON.212    Typist: PAH    Date Typed: May 4, 2001    Page 5 of 5