# **EXHIBIT 13**

## HEARING SUMMARY

**Name:** Jackson, Leslie                                     **Reg No:** 23924-016

### Hearing Parameters

    Hearing Type ..............................: **Revocation (Local)**

    Hearing Date ...............................: 8/24/05

    Examiner .....................................: Donna A. McLean

    Institution ....................................: D.C.-Correctional Treatment Facility

    Second Designation .....................: Unknown

### Sentence Parameters

    Sentence Type .............................: **DC Parole Eligible**

    MR/Statutory Release Date..........: 3/3/2010

    Full Term Date ............................: 11/5/2011

    Months in Custody .......................: 2 months as of 8/19/05

    Detainer ......................................: None

### Warrant Parameters

    Supervision .................................: **Parole**

    Revoking District & Office..........: CSOSA, Interstate III-Team 24, 401 New York Ave, Washington, DC

    Warrant Execution Date...............: 6/20/05

    Probable Cause Date ....................: 6/24/05

**Additional text regarding the above parameters:**

**Prior Action:** Please refer to Prehearing Assessment dated 7/24/05.

**Counsel:** The subject was represented by Olinda Moyd, Public Defender Services (District of Columbia).

**Witnesses:** The following witnesses were present.

CSO Sharon Nickelberry, (adverse witness).

Judy Jackson, sister (voluntary witness).

Louise Williams, cousin (voluntary witness).



Please note the Prince George County, Police Officer, C. Tinsley was subpoenaed for today's hearing, however, the USPC was notified that the officer would be on vacation and would not be able to attend today's hearing.

**Procedural Considerations:** The subject's attorney raised two procedural considerations. The first procedural consideration was that she requested the Memo referenced as supported documentation in the file as it relates to a Michael Jones be removed as there is no evidence that supports the subject put this individual up to taking a test on his behalf. This examiner did review the referenced documentation (Memo) and it was determined that Mr. Jackson has in the past used the alias of Michael Jones, and he was reporting for drug testing under the name of Michael Jones. Furthermore, the PDID No., referenced on the Memo did refer to Mr. Jackson. Therefore this examiner overruled the procedural objection raised by counsel.

The second procedural objection raised by Ms. Moyd was the fact that the subject was under the impression that the USPC had miscalculated his time on supervision and it is Mr. Jackson's belief that he is no longer under the Jurisdiction of the US Parole Commission, as he states his full term date has expired. This examiner did review the subject's parole supervision history as well as his prior criminal history and arrest record and it was explained and determined the subject was in fact still under the Jurisdiction of the US Parole Commission. It was further explained to Mr. Jackson that he lost a great deal of street since his release in 89 and his revocation that took place in 2001. Therefore, this examiner overruled the procedural concerns raised by the subject and his attorney.

**Charges:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.**
  **Evidence Presented:** The subject admitted the above charge. The subject indicated that he does raise issue with the positive urine test of 3/20/02, however he does admit to abusing cocaine as listed in the date referenced on the warrant application. He further added that he denied the positive results for opiates indicating that he was under the care of a physician and taking several medications that would result in a false positive for opiate usage. The subject's attorney provided this examiner with several prescriptions indicating the various drugs that the subject was taking at the time (Exhibit A).
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
  **Basis:** Your admission to the examiner and the supporting documentation to support the alleged violation.

**Charge No. 2 - Failure to Submit to Drug Testing.**
  **Evidence Presented:** The subject admitted to not reporting on 9/29/04 only and denies the first four dates referenced in the warrant application. Attorney Moyd provided the examiner with documentation to support that the subject on the dates of 10/1/03 through 10/7/03 was a client in the Residential Program Center Detoxification Unit at the Volunteers of America (Exhibit B). She also provided documentation to support the fact that the subject was in NOVA Fairfax Hospital on 7/21/03 and was not released until late July 2003 from the hospital (Exhibit C).
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge as it relates to the Failure to Submit to Drug Testing on 9/1/04 and 9/29/04. The dates of 7/21/03, 7/23/03, 10/1/03, and 10/3/03 are excluded from this finding in that the subject provided documentation that would reflect that he was unavailable to attend the drug testing as scheduled.
  **Basis:** The subject's admission to the alleged violation and the supporting documentation provided by Attorney Moyd and CSO Nickleberry.

**Charge No. 3 - Law Violation - Theft.**
   **Evidence Presented:** The subject denied the above charge.
   **Findings of Fact:** This examiner makes no finding concerning the above charge.
   **Basis:** The non-appearance of the adverse witness, PG PD Officer C. Tinsley. Furthermore it is recommended by the examiner that this charge not be pursued and/or the case continued for the appearance of the officer as the particular violation will not have an overall bearing on the subject's offense severity rating. It is further noted that the subject indicates the charge was dismissed in Prince George's County Courts 8/6/05.

**Discipline:** None.

**Release Plans:** Upon release the subject plans to reside at 5217 10th Place South, Arlington, VA 22204. The subject plans to seek employment upon release; however, he will need to take into consideration his work disabilities as a result of his previous medical history.

The subject's sister Judith Jackson provided sworn testimony as voluntary witness indicating that she fully supports her brother and has played an integral part in supporting his recovery. She indicated that her brother is a single parent and that she along with his cousin are currently raising the subject's 6-year old child. She further added that the child does suffer some issues in that she misses her father and his presence in the home. Finally, she requested the Commission consider the release of her brother so he can reunite with his daughter. She further offered to continue to support her brother when he is released to the community.

The subject's cousin Louise Williams also provided voluntary testimony as it relates to her cousin Mr. Jackson. She indicated that she is currently the Godmother for his 6-year old daughter. She indicates that the subject has come a long way since he was given full custody of his daughter, which was very stressful for him in the beginning as a single parent. She felt that he was doing an excellent job in raising his daughter. She indicated that the child is very close to Mr. Jackson. She further added that in her opinion Mr. Jackson is a good person who has made some bad decisions in the past. She urges the Commission to release the subject so he can reunite with his daughter.

**Guideline Parameters**

**Severity Justification:** Category One because it involved Administrative Violations.
**Salient Factor Score:** 2.

**Re-parole Guideline Range:** ............. 12-16

**Evaluation:** Mr. Jackson is currently 49 years of age with a long documented history of substance abuse and property offenses. He now faces his third revocation on his original sentence of 120 months. The subject's violation behavior is rated as Category One as it involved administrative violations. The SFS is 2, which result in a reparole guideline of 12-16 months. The subject's attorney provided information to show that her client was in fact attempting to deal with his addiction. The subject admitted himself into a Salvation Army Inpatient Program on 11/22/04. Please note that this attempt was done after the USPC had issued the alleged violation warrant, which is dated 11/10/04. It appears the subject remained in this treatment until 6/10/05 when he decided to self-terminate himself from the program as he felt a need to attend to his physical therapy needs in lieu of his substance abuse needs.

As a result of the subject's entire criminal history, his continued use of substances, and numerous opportunities on parole this examiner recommends that the subject's parole be revoked. It is further recommended that he be granted a Presumptive Parole date after the service of 16 months from the date of the executed warrant with a Special Drug Aftercare Condition to address his behavioral needs. The examiner also recommends that the subject participate in a Residential Substance Abuse Program while confined.

**Recommendation:** Revoke Parole. None of the time spent on Parole shall be credited. Continue to a presumptive parole on 10/19/2006 after the service of 16 months.

**Conditions:** Drug Aftercare.

**Statutory Interim Hearing:** None.

**Guideline Use:** A departure from the guidelines at this consideration is not warranted.

**Additional Text:** None.

**I certify that I have reviewed this hearing summary.**

*Donna A. McLean*
Donna A. McLean, Hearing Examiner

**Executive Reviewer's Comments:**

DAS/PAH
September 12, 2005