UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESLIE JACKSON, )
)
        Petitioner, )
)
v. ) Civil Action No. 05-2085 (RJL)
)
WARDEN FRED FIGUEROA, )
)
        Respondent. )

FILED

APR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Petitioner is a District of Columbia prisoner who currently is incarcerated at the FCI Schuylkill, a Federal Bureau of Prisons facility Minersville, Pennsylvania. Now before the Court is his petition for a writ of habeas corpus and United States Parole Commission's response to the December 5, 2005 Order to Show Cause. The Court will deny the petition and dismiss this action.[1]

## BACKGROUND

In September 1987, petitioner was sentenced in two separate criminal cases before the Superior Court of the District of Columbia. Upon his conviction for attempted distribution of heroin, on September 23, 1987, the Superior Court imposed a sentence of 30 to 40 months'

---

[1] Petitioner was incarcerated at the District of Columbia Jail when he filed the petition. His subsequent transfer does not deprive this Court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, ___, 124 S.Ct. 2711, 2717 (2004); *Stokes v. United States Parole Comm'n*, 354 F.3d 1235, 1239 (D.C. Cir.), *cert. denied*, 543 U.S. 975 (2004); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988).

1



imprisonment. Resp't Resp., Ex. 1 (Face Sheet). For distribution of heroin, the court imposed a sentence of 40 to 120 months' imprisonment to be served concurrently. *Id.* The District of Columbia Board of Parole ("Parole Board") released petitioner on parole on June 19, 1989 to a Virginia detainer. *Id.*, Ex. 2 (June 19, 1989 Board of Parole Order). As of June 19, 1989, petitioner's full term date was October 27, 1996. *Id.*, Ex. 3 (November 8, 1990 Board of Parole Order).

On November 8, 1990, the Parole Board issued a warrant for petitioner's violation of noncriminal conditions of his release. Resp't Resp., Ex. 3, 4 (Warrant). The Parole Board amended the warrant on April 9, 1992 to add allegations of criminal violations of the conditions of release. *Id.*, Ex. 5 (Notice of Board Order), 7 (Supplement to Warrant Application). Petitioner had been convicted in Virginia of grand larceny, possession of cocaine, possession with intent to distribute heroin, and distribution of heroin. *Id.*, Ex. 6 (Probable Cause Worksheet--DC). The Virginia court suspended petitioner's drug sentences and placed him on probation upon completion of a drug treatment program. *Id.* Evidently neither the warrant nor the amendment was lodged as a detainer in Virginia. The Parole Board's warrant was executed on December 22, 2000 when petitioner was arrested in the District of Columbia for soliciting prostitution. *Id.*

The United States Parole Commission ("Parole Commission")[2] found probable cause to believe that petitioner violated conditions of release, conducted a parole revocation hearing, and

---

[2] By this time, the Parole Commission assumed the jurisdiction and authority previously vested in the District of Columbia Parole Board to grant, deny, and revoke parole. *See* D.C. Code § 24-131.

2

ultimately revoked parole.[3] Resp't Resp., Ex. 8 (January 23, 2001 letter), 9 (April 17, 2001 Revocation Hearing Summary), & 10 (July 20, 2001 Notice of Action). Petitioner's parole was to be effective after service of 73 months' imprisonment.[4] *Id.*, Ex. 9. The Parole Commission released petitioner on parole on December 31, 2001, and his parole term was to conclude on April 30, 2008. *Id.*, Ex. 10, 11 (Certificate of Parole).

It was determined that petitioner violated both criminal and non-criminal conditions of his parole release. On October 21, 2004, he was arrested in Maryland for theft. Resp't Resp., Ex. 12 (Warrant Application). In addition, petitioner tested positive for cocaine and opiates on several occasions between March 2002 and September 2004, failed to submit to drug testing on five occasions, and attempted to submit another person's urine instead of his own for testing on one occasion. *Id.* After a hearing, the Parole Commission revoked petitioner's parole, and set a presumptive reparole date of October 19, 2006 after service of 16 months' imprisonment. *Id.*, Ex. 13 (August 24, 2005 Hearing Summary), 14 (September 23, 2005 Notice of Action).

## DISCUSSION

Generally, petitioner asserts that he completed service of his District of Columbia sentences in October 1996, and that his subsequent incarceration is invalid. The argument is meritless.

---

[3] The Parole Commission hearing examiner acknowledged petitioner's substantial progress since his release from Virginia's custody, including his successful completion of an in-patient drug treatment program and steady employment. *See* Resp't Resp., Ex. 9 at 4-5. The hearing examiner suggested that a "prudent procedural move . . . would be to withdraw the warrant and close the case." *Id.* at 5.

[4] It appears that petitioner received credit for time served in Virginia. *See* Resp't Resp., Ex. 9 at 1.

Both the 1990 warrant and the 1992 amended warrant were issued prior to the expiration of petitioner's Superior Court sentences. The issuance of a warrant "operates to bar the expiration of the parolee's sentence." 28 C.F.R. § 2.98(e); *see Owens v. Gaines*, 219 F.Supp.2d 94, 101 (D.D.C. 2002) (sentence tolled from warrant's issuance until parolee taken back into custody upon warrant's execution). The Parole Commission retains "jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to the revocation of parole and the forfeiture of time pursuant to D.C. Code § 24-206(a)."[5] *Id.* If the Parole Commission revokes parole, "the time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a). In other words, a parolee loses credit for "street time." *United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1085 (D.C. 1997), *op. adopted*, 711 A.2d 85 (D.C. 1998) (en banc).

The Parole Commission, then, had the authority to execute the 1990 warrant as amended in 1992, to revoke parole in 2001, and to set a presumptive reparole date, even though four years had passed since petitioner's previously calculated full term date. Upon revocation of parole, petitioner's sentence was adjusted accordingly because none of his street time could be credited toward service of his sentence. Likewise, because petitioner remained on parole when he committed various violations of the conditions of his parole in 2003 and 2004, the Parole

---

[5] This provision of the District of Columbia Code now is codified at D.C. Code § 24-406. Generally, it provides for a parolee's right to a revocation hearing and the Parole Board's authority to terminate or revoke parole, or to modify the terms and conditions of parole.

4

Commission retained jurisdiction. At that time, petitioner's parole was not set to expire until April 2008.

## CONCLUSION

A writ of habeas corpus shall not extend to a District of Columbia prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Petitioner has made no such showing, and, therefore the Court must deny his petition. An Order consistent with this Memorandum Opinion will be issued on this same date.

RICHARD J. LEON
United States District Judge

Date: 4/20/06